UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CONSOLIDATED CASES UNDER CASE NO.: 1:25-cv-21434-KMM

Reed Timmer,

        Plaintiff,

v.

My Perfect Project LLC and
YourInsuranceClaim.com LLC,

        Defendants.
_____/

## FIRST AMENDED COMPLAINT

Plaintiff Reed Timmer ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendants My Perfect Project LLC ("*Perfect Project*") and YourInsuranceClaim.com LLC ("*YIC*") (hereinafter referred to collectively as the "Defendants") states and alleges as follows:

### INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Reed Timmer *("Timmer")* created a series of videos in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Upon information and belief, Defendant Perfect Project is a licensed and certified roofing contractor and general contractor. In furtherance of its business, Defendant owns and operates a social media account on Facebook known as "My Perfect Project LLC" ( "*FB Account 1*").

4. Defendant also owns and operates a social media account on Instagram known as "@myperfectproject.llc" ("*IG Account 1*").

1

5. Upon information and belief, Defendant YIC is a multi-state public adjusting business providing representation for clients in property damage claims against their insurance companies.

6. In furtherance of its business, YIC owns and operates a social media account on Instagram known as "@yourinsuranceclaim" (the "*IG Account 2*")

7. Upon information and belief, Defendants utilizes their social media accounts to attempt to source new clients, advertise their business, and build its brand recognition.

8. Defendants, without permission or authorization from Plaintiff, actively copied and displayed the videos on the Accounts (hereinafter the social media platforms set forth above are referred to collectively as the "*Accounts*") and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

9. Plaintiff Reed Timmer is an individual who is a citizen of the State of Colorado and maintains a principal place of business in Jefferson County, Colorado.

10. Upon information and belief, defendant My Perfect Project LLC, is a Florida limited liability company with a principal place of business at 13331 SW 132nd Avenue. #2, Miami in Miami-Dade County, Florida.

11. Upon information and belief, defendant YourInsuranceClaim.com LLC, is a Florida limited liability company with a principal place of business at 1221 Brickell Avenue, Suite 900, Miami in Miami-Dade County, Florida.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

13. This Court has personal jurisdiction over Defendants because they maintains their principal place of business in Florida.

14. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendants do business in this Judicial District and/or because a substantial part of the events or omissions

giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A.      **Plaintiff's Copyright Ownership**

15.     Plaintiff is a professional videographer by trade who is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

16.     Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

17.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

18.     Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

19.     On April 29, 2022, Plaintiff first published the video showing drone footage of a tornado hitting Andover, Kansas ("*Video 1*"). A copy of a screengrab of Video 1 is attached hereto as Exhibit 1.

20.     On June 3, 2022, Video 1 was registered by the USCO under Registration No. PA 2-360-287.

21.     On April 29, 2022, Plaintiff first published a video showing ground footage of a tornado hitting Andover, Kansas ("*Video 2*"). A copy of a screengrab of Video 2 is attached hereto collectively as Exhibit 1.

22.     On June 3, 2022, Video 2 was registered by the USCO under Registration No. PA 2-360-279.

23.     In creating the Videos, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the video and made each and every artistic determination necessary for the creation of the work.

24.     Plaintiff created the Videos with the intention of them being used

3

commercially and for the purpose of display and/or public distribution.

**B.     Defendants' Infringing Activity**

25.     Defendants are the registered owners of their respective Accounts and are responsible for their content.

26.     Defendants are the operators of their respective Accounts and are responsible for their content.

27.     The Accounts are a key component of Defendants' popular and lucrative commercial enterprise.

28.     Upon information and belief, Defendant have not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendants' reach, capabilities, and level of sophistication.

29.     Upon information and belief, Defendants' internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

30.     Defendants' failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringements.

31.     On January 18, 2024, Defendant Perfect Project displayed the Video 1 on FB Account 1 as part of an on-line post at URL: https://www.facebook.com/reel/773103304670069. *("Infringement 1")*. A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

32.     The Infringement is an exact copy of Plaintiff's original video that was directly copied and displayed by Defendant Perfect Project.

33.     Defendant Perfect Project  displayed the Video on IG Account 1 as part of an on-line post at URL: https://www.instagram.com/reel/C2Pkr2bLcIE/?fbclid=IwAR0lkViomqqjQZvCm7-3613nDyv7UU4SHP2709nHv6jNat2D2r1LpSb1M4M. *("Infringement 2")*. A copy of a

screengrab depicting the Infringement is attached hereto as Exhibit 2.

34. The Infringement is an exact copy of Plaintiff's original video that was directly copied and displayed by Defendant Perfect Project.

35. On or about April 5, 2024, without permission or authorization from Plaintiff, Defendant YIC volitionally copied and displayed the Videos on the Account as part of an on-line post at URL: https://www.instagram.com/p/C5ZFSNEsHC5/ ("*Infringements 3-4*"). Copies of screengrabs depicting the Infringements on IG Account 2 are attached hereto collectively as Exhibit 2.

36. The Infringements are copies of Plaintiff's original video recording that were directly copied and displayed on IG Account 2 by Defendant YIC.

37. Upon information and belief, the Videos were copied and displayed by Defendants without license or permission, thereby infringing on Plaintiff's copyrights in and to the Videos (hereinafter the unauthorized uses set forth above are referred to collectively as the "*Infringements*").

38. The Infringements includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement.

39. Upon information and belief, Defendants take an active and pervasive role in the content posted on their respective Accounts, including, but not limited to copying, posting, selecting, commenting on and displaying videos including but not limited to Plaintiff's Videos.

40. Upon information and belief, the Videos were willfully and volitionally posted to the Accounts by Defendants.

41. Upon information and belief, the Infringements were not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

42. Upon information and belief, Defendants were aware of facts or

5

circumstances from which the determination regarding the Infringements were apparent. Defendants cannot claim that they were not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of the Defendants.

43. Upon information and belief, Defendants engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

44. Upon information and belief, Defendants have the legal right and ability to control and limit the infringing activities on their respective Accounts and exercised and/or had the right and ability to exercise such right.

45. Upon information and belief, Defendants monitor the content on their respective Accounts.

46. Upon information and belief, Defendants have received a financial benefit directly attributable to the Infringements.

47. Upon information and belief, the Infringements increased traffic to the Accounts and, in turn, caused Defendants to realize an increase their respective business revenue.

48. Upon information and belief, a large number of people have viewed the unlawful copies of the Videos on the Accounts.

49. Upon information and belief, Defendants at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

50. Defendants' use of the Videos harmed the actual market for the Videos.

51. Defendants' use of the Videos, if widespread, would harm Plaintiff's potential market for the Videos.

52. On February 28, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant Perfect Project's infringements of Plaintiff's rights-protected work.

53. On June 6, 2024, Plaintiff, via counsel, served a letter seeking to address the

complaints contained herein concerning Defendant YIC's infringement of Plaintiff's rights-protected work.

54. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity parties failed to resolve the instant matter and Plaintiff was forced to seek judicial intervention for Defendants' infringing activity.

55. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

56. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

57. The Videos are original, creative works in which Plaintiff owns a valid copyright.

58. The Videos are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

59. Plaintiff has not granted Defendants a license or the right to use the Videos in any manner, nor has Plaintiff assigned any of his exclusive rights in the copyright to Defendants.

60. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendants improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in his copyrights.

61. Defendants' reproduction of the Videos and display of the Videos constitutes willful copyright infringement.

62. Upon information and belief, Defendants willfully infringed upon Plaintiff's copyrighted Videos in violation of Title 17 of the U.S. Code, in that Defendants used,

published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Videos without Plaintiff's consent or authority.

63. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants for each infringement pursuant to 17 U.S.C. § 504(c).

64. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendants.

65. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

66. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendants have infringed on Plaintiff's rights to the Videos in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendants infringed Plaintiff's copyright interest in and to the Videos by copying and displaying it without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against

    Defendants for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.  for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

d.  for costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

e.  for pre-judgment interest as permitted by law; and

f.  for any other relief the Court deems just and proper.

DATED: May 5, 2025

**SANDERS LAW GROUP**

By:  */s/ Craig Sanders*
Craig Sanders, Esq. (Fla Bar 0985686)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129639

*Attorneys for Plaintiff*